**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | |
|---|---|
| IN RE:  Teresa Velez ) | Case No. |
| ) | |
| Plaintiff ) | COMPLAINT |
| ) | |
| ) | **Judge:** |
| ) | |
| ) | **Magistrate:** |
| v. ) | July Demand Requested |
| ) | |
| State Collection Service, Inc. ) | |
|  2509 S. Stoughton Road ) | |
| Madison, WI 53716 ) | |
| Defendant ) | |
| ) | |

Now comes Plaintiff, by and through his attorneys, and, for his Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Teresa Velez, brings this action to secure redress from unlawful collection practices engaged in by Defendant, State Collection Service, Inc (hereinafter "State")., Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits any false, misleading or deceptive threats in connection with the collection of a debt 15 U.S.C. Section 1692e

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).

4. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## **PARTIES**

5. Plaintiff, Teresa Velez (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
6. Plaintiff is a resident of the State of Illinois.
7. Defendant, State ("Defendant"), is a Wisconsin business entity with an address of 2509 S. Stoughton Road, Madison, WI 53718 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
8. Unless otherwise stated herein, the term "Defendant" shall refer to State Collection Service, Inc..
9. At some point, the current creditor, assigned this debt to Defendant for debt collection.

## **ALLEGATIONS**

10. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $170 (the "Debt") to at least two different creditors (the "Creditors")
11. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
12. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).
13. There is one account number for the debt described in paragraph 10.
14. Plaintiff received a letter on January 22, 2020 stating that she owed $170.
15. Then on March 10, 2020, Plaintiff received a collection letter from the same company saying that he owed $190 on the same account-a $20 increase from the same debt; there is no explanation how the debt increased from one creditor.
16. Defendant is adding fees and/or failing to state how this fee increased

for a static debt.

## VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.

17. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
18. The Defendants' conduct violated 15 U.S.C. Section 1692e in that the Defendant materially misled Plaintiff through this communication.
19. Plaintiff is entitled to damages as a result of Defendants' violations.

## JURY DEMAND

20. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

21. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,
/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff